NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.  3:01-cr-00033-JWS |
| Plaintiff, | ) |
| vs. | ) **RESPONSE TO JUDICIAL NOTICE** |
| JOHANNES WEBER, | ) |
| Defendant. | ) |

United States of America, by and through counsel, hereby responds to

Defendant Johannes Weber's motion for a change in the execution of his sentence.

I.  **BACKGROUND**

Defendant was convicted after a two-day jury trial of obstruction of justice, in violation of 18 U.S.C. § 1503, and sentenced to eighty-four months incarceration followed by three years of supervised release and a consecutive term of twenty-four months incarceration for violating the terms of his prior conviction. Defendant's conviction and sentence were affirmed by the Ninth Circuit. United States v. Weber, 320 F.3d 1047 (9th Cir. 2003).

Subsequently, Defendant moved for relief pursuant to 28 U.S.C. § 2255. The district denied his petition. United States v. Weber, No. A01-033 CR (JWS) (U.S. Dist. Ak. 2004). His application for authorization to file a second 28 U.S.C. § 2255 motion with the Ninth Circuit was also denied. Weber v. United States, Docket No. 05-72629 (9th Cir. 2005).

II.  **ARGUMENT**

Defendant now challenges the execution of his sentence, requesting the court to order that past time served outside the United States be credited on his current sentence. Review of the execution of a sentence is available under 28 U.S.C. § 2241, authorizing writs of habeas corpus, but petitions for habeas corpus must be brought in the district where the prisoner is confined. United States v.

Giddings, 740 F.2d 770, 772 (9th Cir. 1984). A district court must deny a petition for habeas corpus if it is not filed in the district where the prisoner is confined. Hassain v. Johnson, 790 F.2d 1420 (9th Cir. 1986); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). The Defendant's request should be denied because the request is a petition for a writ of habeas corpus and that petition was not made in the district where the Defendant is held.

Defendant (Bureau of Prisons No. 01723-082) is currently confined at FCI Allenwood Low, part of the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, which is located in the Middle District of Pennsylvania. If Defendant desires to file a petition for a writ of habeas corpus, he must do so there. Defendant cannot file a petition for a writ of habeas corpus with the United States District Court for the District of Alaska.

No relief is available to the Defendant under 28 U.S.C. § 2255 because the Defendant's request for relief does not meet the criteria named in the statute. A second or successive motion for relief under section 2255 must be certified by an appellate court panel to contain (1) newly discovered evidence that, if proven, would preclude a reasonable fact finder from finding the defendant guilty; or (2) a new rule of constitutional law made retroactive on collateral review by the

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255 (2007). Defendant cannot make a claim under section 2255 because he has already made a previous motion for relief under that section, and his current claim for relief meets neither of the criteria outlined in the statute.

Finally, no relief is available to the Defendant under 28 U.S.C. § 2255 because the defendant challenges the manner in which his sentence is being executed, not the sentence itself. "A petition under section 2255 can test only the propriety of the sentence imposed, not the manner of execution." Giddings, 740 F.2d at 772. The Defendant's request for relief cannot be interpreted as a motion under section 2255 because the Defendant does not challenge the sentence itself, but rather challenges the manner in which the sentence is apportioned. Accordingly, the request for relief can only be made under 28 U.S.C. § 2241. Since this Court does not have jurisdiction to hear such a request, it must be dismissed.

## III. **CONCLUSION**

The Defendant fails to make any claim upon which this Court can grant relief. Accordingly, his request to modify the execution of his sentenced must be dismissed.

RESPECTFULLY SUBMITTED this 15th day of June, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Karen L. Loeffler
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007,
a copy of the foregoing Response to
Judicial Notice was served by U. S. Mail on:

Johannes Weber
01723-082
USP Lompoc
3901 Klein Blvd
Lompoc, CA 93436

s/ Karen L. Loeffler

The above-signed AUSA acknowledges the invaluable assistance of Matthew J. James, Legal Intern, Georgetown Law School, in researching and substantial drafting of this response.

USA v Weber
3:01-cr-00033-JWS                    5